IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **R. WAYNE KLEIN, as Court Appointed Receiver,**<br><br>Plaintiffs,<br><br>vs.<br><br>**HONG SHIEK CHUNG,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-00467<br><br>**Magistrate Judge Dustin B. Pead** |

All parties in this case have consented to having United States Magistrate Judge Dustin B. Pead conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit (doc. 13). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Before the Court is Plaintiff R. Wayne Klein's (the "Receiver"), "Motion For Partial Summary Judgment" (doc. 13) seeking partial summary judgment against Defendant Hong Shiek Chung's ("Defendant") (doc. 2). Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and concludes that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## I. BACKGROUND

On June 25, 2012, the Securities and Exchange Commission ("SEC") filed a complaint against National Note, its affiliated entities (collectively "National Note") and Wayne LaMar Palmer ("Mr. Palmer"), alleging that Mr. Palmer operated National Note as a Ponzi scheme and

asserting various causes of action for securities fraud.[1]  *See Securities and Exchange Commission v. National Note of Utah, LC et al.,* Case No. 2:12-cv-591-BSJ (D. Utah) (the "Civil Enforcement Action") (doc. 1).  On the same day, the court appointed the Receiver to "marshal[ ] and preserv[e] all assets, property and interests of Defendants National Note of Utah, LC [ ] and Wayne LaMar Palmer [ ] together with any and all subsidiaries and affiliated entities. . . ."  *See* Civil Enforcement Action, "Order Appointing Receiver And Staying Litigation" (doc. 9).

On June 17, 2013, consistent with his duty of preservation, the Receiver filed the above entitled case seeking to "avoid the transfers and/or recover the value of the transfers from Defendant for the benefit of the receivership estate" as established in the Civil Enforcement Action (doc. 2).  In his complaint, the Receiver alleges that Defendant made a principal cash investment of $69,000.00 and thereafter received transfers from National Note, while operating as a Ponzi scheme, in the amount of $85,098.55.  *Id*., ¶14, ¶15.  Of the total received, the Receiver asserts that transfers in the amount of $16,098.55 were over and above the Defendant's principal investment and constitute false profits.  *Id*., ¶16.  As a result, the Receiver brings causes of action against Defendant for avoidance of fraudulent transfers, constructive trust, unjust enrichment and disgorgement (doc 2).

Currently pending is the Receiver's motion for partial summary judgment on his claims against Defendant for fraudulent transfers and unjust enrichment (doc. 13).  In support, the Receiver asserts that Defendant received avoidable fraudulent transfers from National Note while

---

[1] The causes of action included: employment of a device scheme or artifice to defraud in violation of Section 17(a)(1) of the Securities Act 15 U.S.C. Section 77q(a)(1) (the "Act"), fraud in the offer and sale of securities in violation of Section 17(a)(2) and (3) of the Act, fraud in connection with the purchase and sale of securities in violation of Section 10(b) of the Act, offer and sale of unregistered securities in violation of Sections 5(a) and (c) of the Act, and offer and sale of securities by an unregistered broker or dealer in violation of Section 15(a) of the Act.  *See* Civil Enforcement Action (doc. 1).

it was operating as a Ponzi scheme. *Id*. Defendant opposes the Receiver's motion to the limited extent that he challenges that amount of his principal investment and the total amount of the interest payments or false profits received (doc. 16).

## II. LEGAL STANDARDS

"Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Squires v. Breckenridge Outdoor Educ. Ctr.,* 715 F.3d 867, 872 (10th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable doubt." *Alta Health Strategies, Inc. v. Kennedy,* 790 F. Supp. 1085, 1089 (D. Utah 1992) (quotations and citations omitted), and bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant demonstrates the absence of a disputed issue, the nonmovant is required to "set forth specific facts showing that there is a genuine issue for trial." *Cudjoe v. Indp. Sch. Dist. No. 12,* 297 F.3d 1058, 1062 (10th Cir. 2002) (quotations and citation omitted).

When considering summary judgment, the court views the evidence and draws inferences therefrom in a light most favorable to the non-moving party. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

## III. ANALYSIS

The Receiver moves for summary judgment on his first cause of action for fraudulent transfer and his fifth cause of action for unjust enrichment. Each cause of action is addressed herein.

**1. Fraudulent Transfer: Utah Fraudulent Transfer Act**

The Receiver argues that any false profits transferred to Defendant from National Note are avoidable as fraudulent transfers and recoverable from Defendant under Utah's Fraudulent Transfer Act (the "Act"). *See* Utah Code Ann. §§ 25-6-5(1)(a), 25-6-8(1)(a) and 25-6-9(2).

Section 25-6-5(1)(a) of the Act defines a fraudulent transfer and states:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) with actual intent to hinder, delay or defraud any creditor of the debtor.

Utah Code Ann. § 25-6-1(a). The Receiver asserts it is undisputed that National Note operated as a Ponzi scheme and therefore the "actual intent" requirement of subsection (a) is automatically established. *See id.; S.E.C. v. Madison Real Estate Group, LLC,* 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA [Utah Fraudulent Transfer Act], a debtor's actual intent to hinder, delay or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme.").

Section 25-6-8(1)(a) provides for avoidance of false profit stemming from fraudulent transfers stating:

(1) In any action for relief against a transfer or obligation under this chapter, a creditor. . . may obtain:

(a) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

Utah Code Ann. § 25-6-8(1)(a). Finally, Section 25-6-9(2) allows the Receiver to recover avoided fraudulent transfers:

> [T]o the extent a transfer is voidable in an action by a creditor under Subsection 25-6-8(1)(a), the creditor may recover judgment for the value of the asset transferred. . . .

Utah Code Ann. § 25-6-9(2).

In this case, the Receiver provides sixteen (16) material statements of fact in support of its fraudulent transfer claim (doc. 13, pgs. 7-11); *see also* "Declaration of R. Wayne Klein" (doc. 13-1); "Declaration of Richard S. Hoffman" (doc. 13-6); "Palmer Transcript" (doc. 13-8). Defendant fails to directly respond to or dispute any of the Receiver's facts, despite the requirement that he do so under both the federal and local rules. *See* Fed. R. Civ. P. 56; DUCivR 56-1(c)(2). In the context of summary judgment, when a party fails to properly address or specifically challenge a moving party's assertions of fact, the court may consider those facts as undisputed. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, the court concludes that the following facts relevant to the Receiver's fraudulent transfer claim are not genuinely in dispute and are established:

1. Defendant invested with National Note (doc. 13, Section II (A)(ii)(1);
2. National Note was a Ponzi scheme that at all relevant times was insolvent (*id.,* Section II(A)(ii)(11-16);
3. National Note transferred funds to Defendant (*id,* Section II(A)(ii)(2-10); and
4. Defendant received "false profits" to the extent that National Note transferred more to Defendant than the amount that Defendant transferred to National Note (*id,* Section II(A)(ii)(10).

In his opposition, Defendant admits that he received false profits[2] from National Note but challenges the amount of: (1) his initial investment; and (2) interest payments or false profits received (doc. 16). Regarding his initial investment, Defendant disputes the Receiver's claim that he initially invested $28,900.00 with National Note (doc. 13, p. 7-8 ¶¶2-10). Instead, Defendant claims an initial investment of $23,500.00 (doc. 16). Second, Defendant challenges the amount of monthly interest payments received, arguing that despite the Receiver's claim of $16,098.55 in false profits (doc. 13, p. 7-8, ¶¶3-10), Defendant received monthly interest payments from April 1994 through June 1995 in the amount of $235.00, totaling only $3,525.00. *See* Electronic Bank Statements: America First Credit Union (doc. 16, p. 10-13).

Upon review, the court concludes that Defendant's limited challenges do not foreclose the Receiver's request for summary judgment. Although Defendant disputes the *amount* of his principal investment and the *amount* of false profits received he does not dispute the Receiver's factual assertions supporting the underlying claim— Defendant invested in the National Note Ponzi scheme and received false profits therefrom. Accordingly, based upon the absence of a disputed issue of material fact the Receiver is entitled to partial summary judgment on his fraudulent transfer claim against the Defendant.

**2. Unjust Enrichment**

In Utah, a claim for unjust enrichment requires proof of three elements: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such

---

[2] *See* "Answers To Request For Admission No 1" ("I admit that National Note transferred funds to me that exceed the amount of the funds that I transferred to National Note.") (doc. 16, p. 8).

circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Rawlings v. Rawlings,* 2010 UT 52, ¶29; *see also American Movie Classics v. Rainbow Media Holdings,* 508 Fed. Appx. 826, 833; 2013 U.S. App. LEXIS 1980 *19 (unpublished).

Here, in addition to the facts offered in support of fraudulent transfer, the Receiver asserts four (4) additional statements of fact to support his claim for unjust enrichment (doc. 13, Section II(B)(ii)). Defendant fails to directly dispute any of the Receiver's factual assertions related to the unjust enrichment claim. *See* Fed. R. Civ. P. 56; DUCivR 56-1(c)(2). Instead, Defendant generally challenges the amount of his principal investment and the amount of the false profits received neither of which creates a dispute regarding the factual underpinnings of the Receiver's claim. As a result, the following material facts are undisputed:

1. Defendants received false profits from National Note;
2. Defendant has an appreciation of the benefit;
3. Defendant's acceptance or retention of the benefit would be inequitable without payment of the value

(doc. 13, Section III.B.ii., ¶¶2-4); *see* Fed. R. Civ. P. 56(e)(2).

Based upon the absence of a disputed issue of material fact related to the elements of the Receiver's unjust enrichment claim, the Receiver's motion for partial summary judgment is granted.

### 3. Conclusion

For the reasons stated, the court grants the Receiver's motion for partial summary judgment on his first claim for fraudulent transfer and fifth claim for unjust enrichment in the

amount of $3,525.00. Defendant admits that he received false profits from National Note in the amount of $3,525.00 and therefore that amount is uncontested. The Receiver, however, asserts that Defendant received $16,098.55 in false profits and accordingly any amount over the $3,525.00 remains in dispute.

Accordingly, pursuant to Federal Rule of Civil Procedure 56(g), the Court limits the remaining disputed issues, appropriate for trial, to the following:

1. The total amount of Defendant's principal cash investment with National Note; and

2. The total amount of interest payments, or false profits, Defendant received, if any, over and above the amount of $3,526.00.

See Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damage or other relief—that is not genuinely in dispute and treating the fact as established in the case.").

### IV. ORDER

It is hereby ORDERED that:

1. The Receiver's motion for Partial Summary Judgment on the Receiver's first and fifth causes of action is hereby GRANTED (doc. 13);

2. Judgment is entered in favor of the Receiver in the amount of $3,525.00;

3. Pursuant to federal rule of civil procedure 56(g), the issue for trial are limited to: (i) a determination of Defendant's principal cash investment with National Note; and (ii) a determination of the amount of interest payments or false profits, if any, that Defendant received over and above the amount of $3,525.00.

4. Further, pursuant to 28 U.S.C. § 636(b)(1), the parties are referred to settlement

proceedings before a Magistrate Judge.  Once a Settlement Judge is assigned, the parties are advised to promptly contact the Settlement Judge's chambers in order to schedule a Settlement Conference.  If the settlement is ultimately unsuccessful, the parties shall immediately contact this court to schedule a trial date.

DATED this 11th day of May, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge